UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:14-cr-400

           Plaintiff

    v.                                           MEMORANDUM OPINION
                                                              AND ORDER

Thomas Michaelis,

           Defendant

### I.     INTRODUCTION AND BACKGROUND

Defendant Thomas Michaelis, an inmate at FCI Elkton in Lisbon, Ohio, seeks an order reducing his sentence to time served or placing him on supervised release, with the condition that he be placed on home confinement for the remainder of his custodial term. (Doc. Nos. 24 & 28). The government filed a brief in opposition, (Doc. No. 32), to which Michaelis responded. (Doc. No. 33). The government has also filed a notice of supplemental authority and updated information concerning the distribution of COVID-19 vaccines to staff members and inmates. (Doc. No. 34).

On November 6, 2014, Michaelis was indicted on one count of knowingly receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession with intent to access and view child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). (Doc. No. 1). He pled guilty to both counts. I subsequently sentenced Michaelis to a total of 180 months in prison and a life term of supervised release. (Doc. No. 18). Michaelis did not appeal.

On June 3, 2020, Michaelis filed a motion seeking reduction of his sentence to time served or an order directing that he be permitted to serve the remainder of his sentence through supervised

home confinement. (Doc. No. 24). I dismissed his motion without prejudice for failure to comply with 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement because 30 days had not passed since he made his request for compassionate release to the warden at his facility. (Doc. No. 27). On November 18, 2020, Michaelis filed the present motion renewing his earlier request. (Doc. No. 28).

Michaelis contends that as a 75-year-old with his medical history, which includes prostate cancer, chronic lymphocytic leukemia, obesity, recent acute upper respiratory infection, and pneumonia, he is at an increased risk of serious complications if he becomes infected with COVID-19. (Doc. No. 24 at 3). Thus, according to Michaelis, there are extraordinary and compelling circumstances which justify release. The government disagrees and disputes Michaelis's characterization of his medical conditions. (Doc. No. 32 at 12-13). The government also contends that the factors listed in § 3553(a) counsel against release. (*Id.* at 14-17).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1).

Although the exhaustion requirement previously led to the dismissal, without prejudice, of Michaelis's original request, it no longer bars the relief he seeks. This time, Michaelis has satisfied § 3582(c)(1)(A)'s exhaustion requirement because he filed the present motion on November 18, 2020, which is more than 30 days after he submitted his compassionate release request to the warden. (Doc. No. 28).

2

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Defendants seeking to establish they are entitled to compassionate release have the burden of demonstrating "extraordinary and compelling reasons" justify a sentence reduction. 18 U.S.C. § 3582(c)(1). "These reasons are classified in four categories: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; and (4) additional reasons 'other than, or in combination with' the first three elements." *United States v. Whitsell*, No. 09-CR-20236, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) (citing U.S.S.G. § 1B1.13, cmt. n.1(A)-(D)).

Michaelis points to his age and medical condition as a basis for finding the risk to his health posed by COVID-19 constitutes an extraordinary and compelling reason justifying release. With regard to his medical condition, Michaelis cites his history with prostate cancer, chronic lymphocytic leukemia, obesity, recent acute upper respiratory infection, and pneumonia. The government argues the analysis should not consider Michaelis's past medical issues, and should instead only consider his weight and age as factors that put him at an increased risk. The government also points out that Michaelis has contracted COVID-19 once already and has not suffered any significant adverse effects from it.

3

While the government may be right to distinguish between the medical issues that an individual is presently dealing with and those that they have dealt with in the past, Michaelis's weight and age by themselves place Michaelis at a somewhat increased risk of severe illness from the virus that causes COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. (last visited April 5, 2021).

"Many courts have held that where a defendant has contracted COVID-19 and recovered, his health condition is not extraordinary and compelling." United States v. Smith, No. 17-CR-20753, 2020 WL 5440331, at *4 (E.D. Mich. Sept. 10, 2020) (citing cases). Still, given the uncertainties surrounding the novel coronavirus, as well as the variants that have emerged, I find Michaelis may still be at risk in the future. It is unclear whether any immunity Michaelis developed would last long enough to ensure he does not catch it again. Nor is there any basis for concluding that Michaelis would be at a lesser risk if he was infected again at some point in the future. Thus, the fact that Michaelis has contracted and recovered from COVID-19 does not moot his concerns.

Still, FCI Elkton has managed to significantly reduce the number of cases at the facility, while also making progress on the vaccination of both inmates and staff. According to the Bureau of Prisons, there are 31 individuals with active infections (1 inmate, 30 staff members) and 838 inmates who have recovered. *See* Federal Bureau of Prisons, *COVID-19 Cases*, at https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2021). Additionally, 497 inmates and 188 staff members at the facility have been fully vaccinated. *See* Federal Bureau of Prisons, *COVID-19 Vaccine Implementation*, at https://www.bop.gov/coronavirus/ (last visited Apr. 5, 2021).

But even if I assume Michaelis could demonstrate there are extraordinary and compelling reasons to justify a sentence reduction, I could not grant his motion because Michaelis fails to show a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a).

The relevant factors here include the nature and circumstances of Michaelis's offense, and the need for the sentence imposed to deter him and others, to reflect the seriousness of the offense, and to promote respect for the law. The seriousness of Michaelis's offense is reflected in the Attorney General's instruction that "[s]ome offenses, such as sex offenses, will render an inmate ineligible for home detention." Attorney General William P. Barr, Memorandum for Director of Bureau of Prisons, Re: Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, Office of the Attorney General (Mar. 26, 2020) at 2 (emphasis added). And Michaelis's offense conduct included several downloads of files containing child pornography and a forensic review of a hard drives seized in a search of Michaelis's home turned up 2,010 images and 8 videos of children engaging in sexually explicit conduct.

Ultimately, I cannot conclude that Michaelis has met his burden of showing that there are extraordinary and compelling circumstances that warrant a reduction, or that a reduction would be consistent with the § 3553(a) factors.

### III.  CONCLUSION

For these reasons, I deny Michaelis's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 28).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge